UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM H. HARRIS, | ) | CASE NO. 3:05 CV 7370 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| CHRISTOPHER M. JAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 16, 2005, plaintiff pro se William H. Harris filed the above-captioned action under 42 U.S.C. § 1983 against Lucas County Child Support Enforcement Agency Staff Attorney Christopher M. Jan, the Lucas County Child Support Enforcement Agency ("CSEA"), Lucas County Common Pleas Court Judge James A. Ray, Lucas County Common Pleas Court Magistrate Judge Dennis Parrish, and CSEA Staff Attorney Deb Lee. In the complaint, plaintiff alleges he overpaid his child support obligation. He seeks a lump sum judgment for the overpayment, as well as compensatory and punitive damages. Mr. Harris also filed an Application to Proceed In Forma Pauperis. That Application is granted.

*Background*

In 1986, Mr. Harris was found to be in arrears on court ordered child support payments in four separate cases before Lucas County Court of Common Pleas Judge Lanzinger. He

was ordered to pay an unspecified amount toward the arrearages and as a result $ 687.00 was garnished from his wages and paid to three different women. Mr. Harris filed Motions in September 2003, claiming the funds had been "mishandled." (Compl. at 3.) The matter was set for a hearing before Magistrate Judge Dennis Parrish. Mr. Jan testified at this hearing stating on the record that Mr. Harris had accumulated an arrearage of $ 30,000 in three different child support cases. One of the three obligees, Bessie Sanders, testified that she was receiving more child support than was ordered by the court. Although he claims that "no action was ever taken to correct this mishandling of funds," he also states, "the final disposition was to close out three of the above named cases and one remained open, and I am to receive a reimbursement for overpayment. I continue to receive a check each month myself for an 'overpayment' judgment." (Compl. at 3.) He indicates that these overpayment checks do not reference the court order, or case number which makes it difficult for him to monitor payment. He claims Judge Lanzinger refered his case to Judge Ray for rulings on various unspecified motions he filed "over the years." He requests that this court give him a lump sum judgment for the overpayment in the amount of $ 600,000.00, and then order the defendants to pay compensatory and punitive damages.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, Mr. Harris fails to identify any particular constitutional right he believes to have been violated by the defendants. To establish a prima facie case under § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Mr. Harris merely provides a short narrative of facts and then requests that this court reduce his state court judgment to a lump sum payment and award him monetary damages. He does not assert any specific legal theory upon which he intends to base his claims.

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at

---

(...continued)
reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action. This case must therefore be dismissed.

Even if Mr. Harris were to identify a particular constitutional provision, he has not set forth allegations to support a viable claim against these defendants. Judge James A. Ray and Magistrate Judge Dennis Parrish are not subject to suit for damages. It is well established that judges are immune from liability for actions taken within the scope of their official duties. Pierson v. Ray, 387 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). Despite plaintiff's assertion to the contrary, there are no facts alleged which reasonably suggest that Judge Ray or Magistrate Parrish acted outside the scope of his official duties.

In addition, local government authorities may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the Lucas

4

County CSEA which may have resulted in the deprivation of a federally protected right of the plaintiff.

The remaining defendants have no factual connection to the wrong alleged by Mr. Harris. He alleges he overpaid his child support obligations from 1993 to June 2003. He states only that Mr. Jan testified at a hearing on his motion in 2003. There is no suggestion that he had any connection to the case prior to that hearing. Ms. Lee is not mentioned at all in the complaint. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). There are no facts in the complaint which reasonably associate CSEA staff attorneys Mr. Jan and Ms. Lee to plaintiff's allegations.

*Conclusion*

Accordingly, Mr. Harris's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.